IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KATRINA FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| CITY OF MOBILE, ALABAMA; and | ) | |
| MOBILE COUNTY PERSONNEL BOARD, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for legal and equitable relief to redress unlawful discrimination on the basis of race, gender and retaliation against the plaintiff. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (hereinafter "Title VII"). The Plaintiff requests a trial by jury of all issues triable by a jury.

2. A substantial part of the unlawful employment practices challenged in this action occurred in Mobile County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5.

### II. JURISDICTION

3. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. § 2000e-5; and 42 U.S.C. §§ 12112, 12117(a) and 12203, which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981a and the "Civil

Rights Act of 1866," as amended by § 101 of the "Civil Rights Act of 1991," and codified at 42 U.S.C. § 1981.

### III. ADMINISTRATIVE PREREQUISITES

4. The plaintiff has met all administrative conditions precedent for the filing of this case under Title VII.

5. On or about August 15, 2014, Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunities Commission (E.E.O.C.) in which she complained that the Defendants subjected her to unlawful sex discrimination in relation to two promotional opportunities. Thereafter, on or about December 24, 2014, the Plaintiff timely filed a second charge of employment discrimination with the E.E.O.C., in which she complained of being subjected by the Defendants to racial discrimination and unlawful retaliation in relation to a third promotional opportunity.

6. Plaintiff subsequently received authorizations to file a private action from the E.E.O.C. and is timely filing this Complaint within ninety (90) days of receiving these authorizations.

### IV. PARTIES

7. Plaintiff, Katrina Frazier ("Frazier"), is an African-American female citizen of the United States over the age of nineteen (19) years and is a resident citizen of the State of Alabama.

8. Defendant, City of Mobile ("the City"), is the employer and/or joint employer of plaintiff with the Mobile County Personnel Board, and/or acts in an employment agency relationship with the Mobile County Personnel Board.

9. Defendant, Mobile County Personnel Board ("the Board"), is the employer and/or joint employer of plaintiff with the City of Mobile, and/or acts in an employment agency relationship with the City of Mobile.

10. Defendants employ more than fifteen (15) employees, and, therefore, are "employers" for Title VII purposes.

11. On information and belief defendant Mobile County Personnel Board is a requisite party under Federal Rule of Civil Procedure 19(a) as the entity with the ability to provide the equitable/injunctive/declaratory relief sought in this action and as it was identified by the City as participating at least in part in the role of Respondent/Employer in responding to Plaintiff's E.E.O.C. Charges of Discrimination and the administrative agency's investigation of same.

V. **STATEMENT OF FACTS AND CLAIMS**

12. The plaintiff realleges and incorporates by reference paragraphs 1-11 above with the same force and effect as if fully set out in specific detail herein below.

**BACKGROUND**

13. Plaintiff has been employed with the City of Mobile, Alabama, for twenty-five (25) years with the last fifteen (15) years spent employed in the City's Parks and Recreation Department.

14. During her tenure with the City the Plaintiff has held the following positions: Office Assistant I in the Architectural Engineering Department; Office Assistant I in the Mobile Parks and Recreation Department; Office Assistant II in the Public Works Division; Office Assistant II in the Keep Mobile Beautiful/Public Works Division; Clean Community Coordinator in the Keep Mobile Beautiful/Public Works Division; and Community Activity Coordinator in the Parks and Recreation Department.

15.     Plaintiff is presently still the Community Activity Coordinator in the Parks and Recreation Department, a position she has held since 2002.

16.     Plaintiff holds a Bachelor of Science in Organizational Management (2001) and a Masters of Public Administration/Public Management (2009).

17.     Throughout her tenure the Plaintiff has fulfilled all duties of her various positions and has received positive performance reviews and employee recognition awards.

## SUPERINTENDENT OF RECREATION PROMOTION

18.     On June 3, 2014, the Defendants posted the vacant position of Superintendent of Recreation.[1] Plaintiff applied for this position and was qualified for same. Plaintiff was placed on the Defendants' Promotion List of eligible candidates for the position.

19.     On July 17, 2014, Plaintiff interviewed for the Superintendent position with Dan Otto (male), the Interim Director of Parks and Recreation. This perfunctory interview lasted only 8-10 minutes during which the Plaintiff was asked no interview questions.

20.     On the evening of the same day of the interview Otto called the Plaintiff and informed her that the Superintendent of Recreation position was being given to Julious Shine (male).

21.     Unlike Plaintiff, Shine did not meet the minimum qualifications for the Superintendent position.

22.     The Plaintiff was equally, if not more qualified for the position than Shine as she held higher educational degrees in more relevant fields than Shine, and she had supervisory experience

---

[1] The position of Superintendent of Recreation had been vacant since March 2013, and the Defendants had placed the Athletic Program Supervisor Julious Shine (male) as Interim Superintendent of Recreation at that time resulting in Shine holding the Superintendent position for over a year before the Defendants submitted a May 16, 2014, Personnel Action Request (PAR) to have that vacancy filled.

over fifteen (15) employees.

23. On July 21, 2014, Plaintiff met with William "Bill" Harkins, Jr. (male), Executive Director of Public Works, and complained about the interview process, stating that she was asked no questions during her interview and also stating her concerns over the selection process. Harkins informed her that the interview was a formality as they had already selected Shine for the position. Harkins supported the selection decision made by Otto.

### DIRECTOR OF PARKS AND RECREATION PROMOTION

24. On June 24, 2014, the Defendants posted a job listing for the position of Director of Parks and Recreation.

25. Plaintiff applied for this position and was qualified for same. Plaintiff was placed on the Defendants' Promotion List of eligible candidates for the position.

26. Plaintiff interviewed for the position in August 2014 with William "Bill" Harkins, Jr. (male), Executive Director of Public Works. During the interview Harkins made sarcastic comments such as, "this will not be a formality; I have questions to ask" referring to Plaintiff's prior complaint to him about the selection process for the Superintendent position previously given to Shine.

27. Plaintiff was not chosen for the Director Position. On August 9, 2014, the Director position was given to Dan Otto (male), who had already been serving in the position as Interim Director since June 30, 2014.

28. The Plaintiff was equally, if not more qualified for the position than Otto as she held requisite educational degrees in more relevant fields than Otto, and she had many years of experience in the Parks and Recreation area.

29.     Plaintiff sent a letter to Donald Dees, Personnel Board Director, complaining of the promotional process, however her complaints went nowhere and the promotion was upheld.

## RECREATION PROGRAM SUPERVISOR PROMOTION

30.     On or about August 15, 2014, Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunities Commission (E.E.O.C.) in which she complained that the Defendants subjected her to unlawful sex discrimination in relation to the two promotional opportunities for Superintendent of Recreation and for Director of Parks and Recreation.

31.     The Defendant was sent a Notice of Charge of Discrimination by the E.E.O.C. on August 15, 2014, enclosing a copy of said Charge.

32.     After filing her EEOC charge in August 2014, the Plaintiff has continued to be discriminated against and retaliated against in the terms and conditions of her employment and regarding other positions and promotions for which she has applied.

33.     In June 2014 the position of Recreation Program Supervisor became vacant and was thereafter posted.

34.     Plaintiff applied for this position and was qualified for same. Plaintiff was placed on the Defendants' Promotion List of eligible candidates for the position.

35.     Plaintiff interviewed for the Supervisor position with Dan Otto and Julious Shine–the two men about which she had just filed her E.E.O.C. Charge.

36.     Plaintiff was not selected for the promotion to the Supervisor position.

37.     Instead, on December 16, 2014, the Supervisor position was given to Ashley Flowers (Caucasian).

38.     Flowers had no experience with the City of Mobile or its related agency/departments or with City government.

39.     The Plaintiff was equally, if not more qualified for the position than Flowers as she held higher level educational degrees in more relevant fields than Flowers, she had supervisory experience over fifteen employees, and she had twenty five years experience in the County merit system and over fifteen years of experience in the City's Parks and Recreation Department.

40.     Upon information and belief, Flowers had not made any complaints of discrimination to or against the City, nor had she filed any Charges of Discrimination with the E.E.O.C. against the City.

### SUPERINTENDENT OF RECREATION PROMOTION, PART II

41.     On or about December 24, 2014, the Plaintiff filed a second charge of employment discrimination with the E.E.O.C., in which she complained of being subjected by the Defendants to racial discrimination and unlawful retaliation in relation to a third promotional opportunity.

42.     Shine did not successfully complete his probationary period in the Superintendent of Recreation position and in 2015 he was rejected and demoted to his former position of Athletic Program Supervisor, resulting in the Superintendent position once again becoming vacant.

43.     The Superintendent position was re-opened[2] and Plaintiff has since applied for the promotion twice. Both times Plaintiff was qualified for the position and placed on the Defendants' Promotion List of eligible candidates for the position.

---

[2] At the time of Shine's demotion, the Plaintiff still remained on the active eligible Promotion List for the Superintendent position.

44. Plaintiff interviewed for the Superintendent position twice, as well.

45. Plaintiff has not been selected for promotion to the Superintendent position.

46. Rather than promote Plaintiff, a known qualified applicant, the Defendants have allowed the Superintendent position to remain vacant since Shine's demotion in 2015.

### DIRECTOR OF PARKS AND RECREATION PROMOTION, PART II

47. Likewise, Otto was also demoted from the Director of Parks and Recreation position on January 30, 2016, after having received an extended probationary period.

48. The Defendants did not post the vacant Director position via the Personnel Board as required.

49. Had they done so, the Plaintiff was qualified for the position and would have been once again placed on the Defendants' Promotion List of eligible candidates for the position.

50. Rather than promote Plaintiff, a known qualified applicant, the Defendants created a Senior Director of Parks and Recreation position which encompassed all the duties of the vacant Director position.

51. In February 2016 the City's Mayor appointed Matthew Capps (male) to the newly created Senior Director position without any opportunities for applicants, without adhering to any objective selection process, and without interviews being given.

52. The Plaintiff was not aware of any job posting for this vacancy and upon information and belief no posting was made, no application procedure was followed and no interview selection process occurred. Had the position been properly posted and an application and selection procedure implemented, the Plaintiff would have applied for same.

53. Upon information and belief, The Plaintiff was equally, if not more qualified for this position than Capps.

54. Upon information and belief, Capps had not made any complaints of discrimination to or against the City, nor had he filed any Charges of Discrimination with the E.E.O.C. against the City.

**COUNT I – CLAIMS OF SEX DISCRIMINATION
AND RETALIATION IN VIOLATION OF TITLE VII**

55. The plaintiff realleges and incorporates by reference paragraphs 1-54 above with the same force and effect as if fully set out in specific detail herein below.

56. As set out in detail above, the Defendants unlawfully discriminated against the Plaintiff in denying the Plaintiff promotions to the following positions at least in part because of the plaintiff's gender, female:

- Superintendent of Recreation (July 2014)

- Director of Parks and Recreation (August 2014)

- Director of Parks and Recreation (February 2016)

- Superintendent of Recreation (present/continuing).

57. As part of their discriminatory policy and practice, the Defendants failed to post notice of the second vacancy or availability of the Director of Parks and Recreation position and instead appointed Matthew Capps (male) to a newly rechristened "Senior" Director of Parks and Recreation position without any opportunities for applicants, without adhering to any objective selection process, and without interviews being given.

58. As set out in detail above, these promotions to the Superintendent of Recreation (July 2014; present) and Director of Parks and Recreation (August 2014; February 2016) positions were

repeatedly denied to the Plaintiff and the Defendants instead awarded these promotions to male individuals and/or failed to fill the position at all in lieu of promoting Plaintiff.

59. The Plaintiff was equally, if not more, qualified for these promotions than the male employees who received the promotions.

60. The Plaintiff, in good faith, opposed sex discrimination in relation to these promotions by filing a Charge of Discrimination with the Equal Employment Opportunity Commission in August 2014, and participated in the E.E.O.C. process.

61. The Defendants then retaliated against the plaintiff in the terms, conditions, training and benefits of her employment as set out above by failing to promote her to the following positions:

- Recreation Program Supervisor (December 2014)
- Director of Parks and Recreation (February 2016)
- Superintendent of Recreation (present/continuing).

62. The Defendants awarded these positions to male individuals who had not who had not engaged in protected activity, and/or failed to fill the position at all in lieu of promoting Plaintiff.

63. The plaintiff was equally, or more, qualified for these positions than the individuals to whom they were given.

64. As set out in detail above, the Defendants unlawfully discriminated and retaliated against the Plaintiff in denying the Plaintiff these promotions, at least in part, because of retaliatory intent following the Plaintiff's good faith opposition to sex discrimination and/or her participation in the E.E.O.C. process.

65. Upon information and belief, the Defendants participated in, facilitated, condoned and/or ratified the denial of these promotions to Plaintiff and the bestowment of these positions to

less qualified male individuals, and/or to individuals who had not engaged in protected activity.

66. The Defendants, as an employer of Plaintiff, failed to adequately promulgate, disseminate, and enforce sex discrimination and/or retaliation policies with regard to Plaintiff, and other employees of the System.

67. The Defendants, as an employer of Plaintiff, failed to take any prompt and effective remedial action reasonably calculated to result in the prevention and/or remedy of the sex discrimination and/or retaliation of Plaintiff.

68. The Defendants have thus violated the proscription against sex discrimination and retaliation found in Title VII.

69. The unlawful conduct of the Defendants as described above was done with malice and/or reckless disregard of and/or deliberate indifference to the Plaintiff's federally protected rights.

70. The Defendant's conduct as described above caused the Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

71. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay, injunctive relief, and compensatory damages and a declaratory judgment is her only means of securing adequate relief.

72. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

**COUNT II– CLAIMS OF RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII**

73. The plaintiff realleges and incorporates by reference paragraphs 1-72 above with the same force and effect as if fully set out in specific detail herein below.

74. As set out in detail above, the Defendants unlawfully discriminated against the Plaintiff in denying the Plaintiff promotion to the Recreational Program Supervisor (December 2014) position, at least in part because of the plaintiff's race, African-American.

75. As set out in detail above, the position of Recreational Program Supervisor was denied to the Plaintiff and the Defendants instead awarded this promotion to a Caucasian individual.

76. The Plaintiff was equally, if not more, qualified for this position than the Caucasian individual who received the position.

77. The Plaintiff, in good faith, opposed race discrimination in relation to this promotion by filing a Charge of Discrimination with the Equal Employment Opportunity Commission in December 2014, and participated in the E.E.O.C. process.

78. The Defendants then retaliated against the plaintiff in the terms, conditions, training and benefits of her employment as set out above by failing to promote her to the following positions:

- Director of Parks and Recreation (February 2016)
- Superintendent of Recreation (present/continuing).

79. The Defendants awarded these positions to individuals who had not who had not engaged in protected activity, and/or failed to fill the position at all in lieu of promoting Plaintiff.

80. The plaintiff was equally, or more, qualified for these positions than the individuals to whom they were given.

81. As set out in detail above, the Defendants unlawfully discriminated and retaliated against the Plaintiff in denying the Plaintiff these promotions, at least in part, because of retaliatory intent following the Plaintiff's good faith opposition to race discrimination and/or her participation in the E.E.O.C. process.

82. Upon information and belief, the Defendant participated in, facilitated, condoned and/or ratified the denial of these promotions to Plaintiff and the bestowment of these positions to less qualified individuals who had not engaged in protected activity.

83. The Defendants, as an employer of Plaintiff, failed to adequately promulgate, disseminate, and enforce race discrimination and/or retaliation policies with regard to Plaintiff, and other employees of the System.

84. The Defendants, as an employer of Plaintiff, failed to take any prompt and effective remedial action reasonably calculated to result in the prevention and/or remedy of the race discrimination and/or retaliation of Plaintiff.

## VI.    PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant the Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants and at the Defendants' request from continuing to violate Title VII.

2. Grant the Plaintiff an order requiring the Defendants to make her whole by awarding her instatement into the position(s) she would have occupied in the absence of sex and/or race discrimination and/or retaliation by the Defendants with the same seniority, leave and other benefits (or front pay), and back pay (with interest), and by awarding Plaintiff compensatory damages for emotional distress, and/or nominal damages.

3. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

                    Respectfully submitted,

                    s/ Temple D. Trueblood
                    Temple D. Trueblood
                    Attorney for Plaintiff

**OF COUNSEL:**

**WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

**CO-COUNSEL:**
Edward L.D. Smith
Post Office Box 1643
Mobile, Alabama 36633-1643
(251) 432-0447

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

                    s/ Temple D. Trueblood
                    OF COUNSEL

**Plaintiff requests this Honorable Court to serve via certified mail upon each of the named defendants the following : Summons, Amended Complaint.**

<u>**Defendants' Addresses:**</u>

**City of Mobile, Alabama**
**c/o Mayor Sandy Stimpson**
**205 Government Street**
**Mobile, AL 36602**


**Mobile County Personnel Board**
**c/o Stephanie Alexander, Board Chair**
**809 Government Street**
**Mobile, AL 36606**

<u>s/ Temple D. Trueblood</u>
OF COUNSEL
